Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce De Leon Blvd, Suite 1480
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD LADEN,<br><br>          Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a corporation for profit,<br><br>          Defendant. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, HOWARD LADEN (hereinafter "Plaintiff"), brings this action individually. This action is brought against Defendant, PRINCESS CRUISE LINES, LTD. (hereinafter "Defendant" or "Princess"), a for profit corporation, for personal injuries sustained by the Plaintiff and seeks compensatory damages, statutory attorney's fees and costs, and all other such relief provided under principles of negligence pursuant to the General Maritime Law.

## Jurisdiction & Venue

1.    This action is an action under general maritime law and the laws of California, as applicable.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

2.      The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.      This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.      At all times material hereto, Defendant personally or through an agent:

a.      Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.      Was engaged in substantial activity within this state;

c.      Operated vessels in the waters of this state;

d.      Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

5.      The acts of the Defendant set forth in this Complaint occurred in whole or in part in this state and/or county.

6.      Plaintiff's cruise line ticket requires that suit be brought in this Court against the named Defendant in this action.

*The Parties*

7.      Plaintiff is and, at all times material hereto, was a resident of Connecticut.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

2

Plaintiff's Complaint and Demand for Jury Trial

8.      Defendant is and, at all times material hereto, was a for profit corporation with its worldwide headquarters, principal address, and principal place of business located in the County of Los Angeles.

9.      Defendant is and was, at all times material hereto, a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports throughout the world, including Los Angeles, California and Fort Lauderdale, Florida.

10.     At all times material hereto, Defendant derived substantial revenue from cruises originating and terminating in various ports throughout the world including Los Angeles, California, and Fort Lauderdale, Florida.

## FACTS COMMON TO ALL COUNTS

11.     At all times material hereto, Defendant operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Enchanted Princess* ("Subject Vessel").

12.     At all times material hereto, Defendant transported fare-paying passengers on cruises aboard the Subject Vessel.

13.     At all times material hereto, the Subject Vessel operated in navigable waters.

14.     At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the Subject Vessel.

15.     At all times material hereto, Defendant had exclusive custody and control of the Subject Vessel.

### *The Incident*

16.     On May 7 2024, the Plaintiff was a fare-paying passenger aboard the Subject Vessel.

17.     At around 5:45 p.m. on May 7 2025 ("Time of the Incident"), Plaintiff

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

was walking in a normal fashion when, suddenly and without warning, he stepped on an unknown and very sticky substance ("Subject Dangerous Condition"), causing Plaintiff's foot to catch and for Plaintiff to fall face forward onto the deck. Due to the fall, Plaintiff suffered injuries to his ribs, left knee, and left foot. Plaintiff's left foot was so severely injured that he subsequently required surgery to repair the damage from the fall. Collectively referenced herein as the "Incident".

18.    The Incident occurred in an eating area in the Piazza on Deck 5 of the Subject Vessel in an area wherein passengers, such as the Plaintiff, were invited by the Defendant to walk, and are reasonably expected by the Defendant to walk ("Subject Area").

19.    At all times material hereto, the surface of the Subject Area was unreasonably sticky, hazardous, and/or dangerous.

20.    The dangerous and/or hazardous nature of the Subject Dangerous Condition was not open and obvious. Not knowing the danger existed, the Plaintiff had no opportunity to avoid the Subject Dangerous Condition.

21.    At the time of the Incident, at least one of Defendant's crewmembers, a member of the cleaning staff, was in the immediate vicinity of the Subject Area when the Incident occurred. It is believed this crewmember also witnessed the Incident. This crewmember saw or should have seen the Subject Dangerous Condition and taken steps to correct and/or eliminate it.

22.    A fellow passenger, who witnessed the Subject Incident, told Plaintiff that earlier that same day another passenger had fallen in the same spot and had broken his nose (herein referenced as the "Witnessed Prior Incident").

*Duty of Care*

23.    At all times material hereto, Defendant had a duty to provide Plaintiff with reasonable care under the circumstances.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

24.     Upon information and belief, Defendant promulgate policies and procedures, pursuant to their business practices and international conventions (e.g. Safety of Life at Sea (SOLAS)) requiring Defendant's employees to scan and monitor areas where passengers are expected to encounter for hazards and dangerous conditions and take steps to correct any hazards and dangerous conditions they find. Upon information and belief, Defendant enforce said policies and procedures. As a result, Defendant's employees have a duty to inspect and monitor areas that passengers, such as the Plaintiff, are expected to encounter for hazards and dangerous conditions and (i) warn passengers, such as the Plaintiff of hazards and dangerous conditions, and (ii) take steps to correct and/or eliminate those hazards and dangerous conditions.

25.     Upon information and belief, the dangerous condition that Plaintiff encountered leading to his injuries, is of the type of dangerous condition that Defendant had a duty, when exercising reasonable care, which included the duty to inspection and monitor for and correct and/or eliminate, pursuant to Defendant's policies and procedures.

26.     The Subject Dangerous Condition was either (i) created by the Defendant, crewmember/employees/agents or (ii) had been in place for a sufficient period of time so that the Defendant knew or should have known about it through the exercise of reasonable care. Alternatively, the Defendant and/or its employees, at all material times, undertook to maintain the Subject Area to ensure that passengers, such as the Plaintiff, could safely walk about the Subject Vessel, and as previously stated, thereby acquired a duty to exercise reasonable care in those undertakings.

27.     The dangerous nature of the Subject Dangerous Condition was not open and obvious and there were no warning signs present to alert the Plaintiff to the danger.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

28.     As a result of the foregoing neglect by the Defendant, and/or its employees/agents, the Incident occurred and the Plaintiff suffered serious, permanent, and debilitating injuries, including but not limited to injuries to his left foot resulting in surgery.

*Notice*

29.     Defendant knew or should have known about the Subject Dangerous Condition due to a similar incident occurring prior to the Incident—the Witnessed Prior Incident.

30.     Prior to the Incident, Defendant's crewmembers/employees/agents were in the immediate area of the Subject Area and had traversed the Subject Area. As a result, the Defendant knew and/or should have known of the dangerous condition(s), as outlined above, for reasons that include, but were not limited to:

a.      Per the Defendants' policies and procedures, the Defendant should have (i) visually inspected the Subject Area for dangerous condition, including the Subject Dangerous Condition, and (ii) continuously monitored the Subject Area for dangerous conditions. Yet, the Defendant, or the Defendant's crewmember/employees/agents, neglected to observe the Subject Dangerous Condition. Or alternatively, the Defendant, or the Defendant's crewmembers/employees/agents, neglected to sufficiently visually inspect the Subject Area for the dangerous condition or neglected to continuously monitor the Subject Area for the dangerous condition;

b.      Per the Defendants' policies and procedures, Defendant's crewmembers/employees/agents had, or should have, maintained the Subject Area and had, or should have, conducted a visual inspection of the Subject Area prior to and/or at the time of the Incident. Yet the Defendant, or the Defendant's crewmembers/employees/agents, neglected to

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

maintain the Subject Area;

c.    Per the Defendant's policies and procedures, the Defendant, or the Defendant's crewmembers/employees/agents, should have taken appropriate remedial measures to protect passengers such as the Plaintiff from the Subject Dangerous Condition. Yet, the Defendant, or its crewmembers/employees/agents, neglected to take appropriate remedial measures to protect passengers, such as the Plaintiff, from the Subject Dangerous Condition;

d.    Per the Defendant's policies and procedures, the Defendant, or the Defendant's crewmembers/employees/agents, should have warned passengers, such as the Plaintiff, of the Subject Dangerous Condition. Yet, the Defendant, or its employees/agents, neglected to warn passengers of the danger; and/or

e.    Per the Defendant's policies and procedures, the Defendant, or the Defendant's crewmembers/employees/agents should have corrected and/or eliminated the Subject Dangerous Condition following the Witnessed Prior Incident.

31.    At all times material hereto, the Defendant (a) knew of the Subject Dangerous Condition that caused the Incident and did not correct the condition or (b) the Subject Dangerous Condition existed for a sufficient length of time so that the Defendant, in the exercise of reasonable care under the circumstances, should have learned of the Subject Dangerous Condition and corrected it. This knowledge was or should have been acquired through:

a.    Defendant's maintenance and/or inspections of the Subject Area;

b.    Defendant's use of the Subject Area prior to passengers being allowed to use it;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

c.    Through prior incidents involving passengers falling on unreasonably sticky, hazardous, and/or dangerous walkways and falling and being injured while aboard the Defendant's vessels, such as the Witnessed Prior Incident;

d.    Defendant's maintenance and/or inspections of the Subject Area; use of the Subject Area prior to passengers being allowed to use it; and/or

e.    through prior similar incidents involving passengers suffering injuries due to sticky walkways, such as the Witnessed Prior Incident.

## FIRST CAUSE OF ACTION

## <u>NEGLIGENT FAILURE TO WARN</u>

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 31, and alleges as follows:

32.    At all times material, the Defendant had a duty to warn Plaintiff of dangerous conditions it knew existed or should have known existed, such as the Subject Dangerous Condition.

33.    At the Time of the Incident, the Defendants and/or its agents, servants, joint venturers, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

a.    Failure to warn Plaintiff of the unreasonably hazardous and/or dangerous condition of the Subject Area;

b.    Failure to adequately warn Plaintiff of the poorly maintained Subject Area;

c.    Failure to close off and/or place warning signs on or around the hazardous and/or dangerous areas of the Subject Area where the Incident occurred;

d.    Failure to warn Plaintiff of the risks and/or dangers associated with the

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

unreasonably hazardous and/or dangerous nature of the Subject Area including, but not limited to, the hazardous and/or dangerous condition of the walking surface, that was unreasonably sticky, hazardous, and/or dangerous;

e.   Failure to adequately warn passengers, including the Plaintiff, that there would not be sufficient assistance, supervision, monitoring, and/or instruction to provide a safe means of walking in the public spaces at and near the Subject Area; and/or

f.   Failure to warn passengers, including Plaintiff, of other falls and accidents that previously occurred in the manner and/or Subject Area as the Incident.

34.   The above acts and/or omissions caused and/or contributed to Plaintiff's injuries as the Plaintiff would have avoided the Subject Dangerous Condition had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the danger to the Plaintiff.

35.   As a direct and proximate result of the Defendant's failure to warn Plaintiff of the danger posed by the Subject Dangerous Condition, the Plaintiff was injured about his body and extremities, suffered and continues to suffer physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and the Plaintiff has and will suffer losses and impairments in the future. In addition, the Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

**SECOND CAUSE OF ACTION**

<u>**NEGLIGENT FAILURE TO MAINTAIN**</u>

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 31, and alleges as follows:

36.     At all times material hereto, the Defendant had a non-delegable duty to maintain the Subject Area in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe place for walking.

37.     At the Time of the Incident, the Defendant and/or its agents, servants, and/or employees breached its duty to the Plaintiff to maintain the Subject Area in a reasonably safe condition through the following acts and/or omissions:

a.     Failure to adequately and regularly inspect the Subject Area to determine whether the Subject Area was unreasonably hazardous and/or dangerous in nature;

b.     Failure to maintain the Subject Area in a reasonably safe condition in light of its anticipated use;

c.     Failure to adequately and properly inspect the Subject Area;

d.     Failure to cordon off the Subject Area;

e.     Failure to reasonably maintain the Subject Area free of dangerous conditions, such as the Subject Dangerous Condition, after the Witnessed Prior Incident; and/or

f.     Failure to promulgate and/or enforce adequate policies and procedures to ensure that the Subject Area is adequately and regularly inspected, monitored, cleaned, and maintained free of trip-and-fall hazards.

38.     The above acts and/or omissions caused and/or contributed to the Plaintiff severe injuries. The Incident and the Plaintiff's resulting serious injuries would not have occurred but for the Defendant's failure to adequately inspect and/or maintain the Subject Area.

39.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was injured about his body and extremities, suffered, and continues to suffer, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The Plaintiff's injuries are permanent or continuing in nature and the Plaintiff will suffer losses and impairments in the future. In addition, The Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands a trial by jury.

### THIRD CAUSE OF ACTION
### <u>GENERAL NEGLIGENCE</u>

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 31,  and alleges as follows:

40.    At the Time of the Incident, Defendant and/or its agents, servants, joint venturers, and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including but not limited to:

    a.    Failure to provide passengers, including the Plaintiff, with a reasonably safe means of walking in public spaces, while aboard the Subject Vessel;

    b.    Failure to promulgate and/or enforce adequate policies and/or procedures with regard to detecting and preventing incidents, such as the Incident, from occurring on its vessels, including but not limited to the Subject Vessel;

    c.    Failure to promulgate and/or enforce adequate policies and/or procedures so that passengers, including the Plaintiff, had a reasonably

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

safe means of walking in public spaces while aboard the Subject Vessel;

d.     Failure to correct and/or eliminate the dangerous or hazardous conditions which Defendant knew or should have known about and which caused the Plaintiff to suffer his incident;

e.     Failure to correct hazardous conditions following other slip and fall accidents that occurred in the same or similar manner and/or same Subject Area as the Incident, such as the Witnessed Prior Incident;

f.     Failure to analyze prior similar incidents that occurred in a similar manner and/or in the same Subject Area as the Incident, such as the Witnessed Prior Incident;

g.     Failure to warn the Plaintiff of the Subject Dangerous Condition;

h.     Failure to provide adequate assistance, supervision, monitoring, and/or instruction to passengers, including Plaintiff;

i.     Failure to adequately and regularly monitor the Subject Area in order to maintain it free of hazardous and/or dangerous conditions, such as the Subject Dangerous Condition;

j.     Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

k.     Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around sticky, hazardous, and/or dangerous areas and/or that such hazardous and/or dangerous areas, such as the Subject Area, are closed off;

l.     Failure to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising, instructing, and/or helping passengers while they are walking in public spaces.

Plaintiff's Complaint and Demand for Jury Trial

m.  Failure to eliminate and/or modify the unreasonably dangerous conditions and/or hazards, such as the Subject Dangerous Condition; and/or

n.  Failure to ascertain the cause of prior similar incidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence and more particularly to have prevented the Incident.

41.  The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff would not have fallen but for the above acts or omissions.

42.  As a result of the Defendant's negligence, the Plaintiff was seriously injured about his body and extremities, suffered, and continues to suffer, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and the Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests the Court enter judgment in his favor and against the Defendant as follows:

1. To enter judgment in favor of the Plaintiff against Defendant on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

3. To award compensatory damages in the amount to be ascertained at trial;

4. To award costs of suit, as permitted by law;

5. For prejudgment interest according to proof; and

6. To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: April 8, 2025.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff, HOWARD LADEN, hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED: April 8, 2025.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204